UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAKOTA PRATT-CAUDILL,
Inmate No. 0202710037,
    Plaintiff,

vs.                                      Case No.: 3:21cv992/LAC/EMT

ESCAMBIA BOARD OF COUNTY
COMMISSIONERS, et al.,
    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff Dakota Pratt-Caudill, an inmate of the Escambia County Jail proceeding pro se and in forma pauperis, commenced this action on August 18, 2021, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF Nos. 1, 7). In December 2021, Plaintiff filed a Second Amended Complaint (ECF No. 17), which is now the operative pleading, and a Motion for Temporary Restraining Order (TRO) (ECF No. 15).

Plaintiff names three Defendants in the Second Amended Complaint: (1) Escambia Board of County Commissioners; (2) Rich Powell, Director of Corrections at the Jail; and (3) Escambia County Sheriff's Office (*see* ECF No. 17 at 1–3). Plaintiff alleges he has been detained at the Jail since June 26, 2021 (*id.* at 5). He claims Defendants have been deliberately indifferent to "his medical need to be

protected from serious illness or possible death if [he] were to contract Covid-19, especially given [his] preexisting liver condition" (*id*. at 5).  Plaintiff alleges Defendants failed to implement any Covid-related policies or preventive measures to "mitigate the [introduction,] contraction and spread of Covid-19" at the Jail, such as testing new inmates for Covid-19 or initially quarantining them (instead of placing new inmates "directly into [the Jail's] general population"), installing hand sanitizer dispensers for inmates' use (instead of providing them only for officers' use), requiring all officers to wear face masks, and providing access to medical doctors and treatment via "sick call" (*id*. at 5–6).

Plaintiff claims that Defendants' failure to implement Covid-related policies and procedures at the Jail constitutes cruel and unusual punishment under the Eighth Amendment (ECF No. 17 at 6–7).  He also asserts due process and equal protection claims under the Fourteenth Amendment (*id*.).  He seeks a total of $800,000 in damages, as follows: $400,000 in punitive damages, $200,000 for "mental anguish," and $200,000 for "pain and suffering" (*id*. at 7).  He also asks for "anything other and such that this honorable court deems proper and just" (*id*.).

In the motion for a TRO, Plaintiff seeks an order "enjoining the defendants . . . from carrying out their duties with deliberate indifference to the risk to the health

of detainees posed by Covid-19" and requiring Defendants to "implement protocols consistent with the CDC's recommendations" (ECF No. 15 at 1–2).

The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). A plaintiff seeking a preliminary injunction or temporary restraining order must establish the following four prerequisites: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (preliminary injunction); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (temporary restraining order). A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); *CBS Broad., Inc. v. Echostar Commc'ns Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted).

The purpose of preliminary injunctive relief is to preserve the status quo and prevent irreparable injury until the court can address the merits of the lawsuit. *See*

*All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct at issue in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons against whom injunctive relief is sought must be parties to the underlying action. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842–43 (11th Cir. 1995).

In compliance with the court's statutory duty to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the court issued a separate order on today's date setting forth the facts underlying Plaintiff's constitutional claims and discussing the reasons why his factual allegations fail to state a plausible claim for relief against any of the three Defendants. At the conclusion of the screening order, the court directed Plaintiff to either file a third amended complaint which cured the pleading deficiencies or notify the court if he no longer wished to pursue his claims. Because Plaintiff has failed to state a claim against any Defendant, he has correspondingly failed to demonstrate, at this stage of the case, a substantial likelihood of success on the merits of his claims. Having failed to satisfy his burden

of persuasion on the first prong of the Eleventh Circuit's four-pronged standard, Plaintiff's motion for a preliminary injunction or temporary restraining order should be denied.  *See Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (the moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements).

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Temporary Restraining Order (ECF No. 15) be **DENIED without prejudice**.

At Pensacola, Florida, this 25th day of January 2022.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:21cv992/LAC/EMT